DOUGLAS S. PARKER
AMY W. LIMERES
PRESTON GATES & ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969
Facsimile:   (907) 276-1365
parkerd@prestongates.com
limeresa@prestongates.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

GREGORY R. GABRIEL,

                              Plaintiff,

          v.

ALASKA ELECTRICAL PENSION FUND,
TRUSTEES OF THE ALASKA
ELECTRICAL PENSION FUND, PENSION
ADMINISTRATIVE COMMITTEE OF THE
ALASKA ELECTRICAL PENSION FUND,
APPEALS COMMITTEE OF THE ALASKA
ELECTRICAL PENSION FUND,
GREGORY STOKES, GARY BROOKS,
STEVE BOYD, JOHN GIUCHICI,
THERESA MACLEOD, SCOTT
BRINGMANN, DAVID CARLE, JIM
FULLFORD, MARY TESCH, KNUTE
ANDERSON, MIKE BAVARD, LARRY
BELL, and VINCE BELTRAMI,

                              Defendants.

**COMPLAINT**

Case No. A06-_____ CV (_____)

Plaintiff Gregory R. Gabriel ("Plaintiff") alleges as follows:

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

1.      This case is a claim to recover benefits due to Plaintiff under the terms of a pension benefit plan and for clarification of rights to future pension benefits under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq., for breaches of fiduciary and co-fiduciary duties under ERISA, for misrepresentation and estoppel under the federal common law of ERISA, to enforce the terms of an agreement to pay costs and fees, and to enforce the terms of a settlement agreement.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the federal claims in this action by virtue of 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331.

3.      Venue in this district is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(a), inasmuch as (1) a substantial part of the events or omissions giving rise to Plaintiff's claims arose in this district, and (2) Defendants may be found in this district.

## PARTIES

4.      Plaintiff is an adult male citizen of the United States, residing in Soldotna Alaska, 99669.

5.      Defendant Alaska Electrical Pension Fund ("AEPF" or "Defendant Fund") is an employee pension benefit plan within the meaning of ERISA Section 3(2)(A), 29 U.S.C. §1002(2)(A). Defendant Fund's principle business address is, Alaska Electrical Pension Fund, 2600 Denali Street, Suite 200, Anchorage Alaska, 99503.

6. Defendant Board of Trustees of the AEPF ("Defendant Board of Trustees") is the designated Plan Administrator, as those terms are defined by ERISA, of the AEPF. Defendant's principle business address is, Alaska Electrical Pension Fund, 2600 Denali Street, Suite 200, Anchorage Alaska, 99503. By virtue of its role as the Plan Administrator of the AEPF, and by virtue of its discretionary authority to interpret and construe the terms of the AEPF, and to decide questions related to eligibility to participate and/or the payment of benefits under the AEPF, Defendant Board of Trustees is a fiduciary as defined by ERISA. Defendant Board of Trustees is also a fiduciary as defined by ERISA because it is the entity responsible for appointing fiduciaries to the AEPF Pension Administrative Committee and the AEPF Appeals Committee, and for supervising and monitoring the performance of those individuals.

7. Defendant AEPF Pension Administrative Committee ("Defendant Administrative Committee") is the entity responsible for deciding of benefit claims under the AEPF, and has its address at Alaska Electrical Pension Fund, 2600 Denali Street, Suite 200, Anchorage Alaska, 99503. By virtue of the fact that Defendant Administrative Committee has full discretionary authority to interpret and construe the terms of the Plan, and to decide questions related to eligibility to participate and/or the payment of benefits under the Plan, Defendant Administrative Committee is a fiduciary as defined by ERISA.

8. Defendant AEPF Appeals Committee ("Defendant Appeals Committee") is the entity responsible for deciding appeals of benefit claims denied under the AEPF, and

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-3-

has its address at Alaska Electrical Pension Fund, 2600 Denali Street, Suite 200, Anchorage Alaska, 99503. By virtue of the fact that Defendant Appeals Committee has full discretionary authority to interpret and construe the terms of the Plan, and to decide questions related to eligibility to participate and/or the payment of benefits under the Plan, Defendant Appeals Committee is a fiduciary as defined by ERISA.

9. By virtue of the fact that Defendant AEPF, and Defendant Board of Trustees, and Defendant Administrative Committee and Defendant Appeals Committee: (1) administered the AEPF, (2) exercised or attempted to exercise discretionary authority and/or discretionary control respecting management of the AEPF; and (3) exercised or attempted to exercise authority and/or control respecting management and disposition of the assets of the AEPF, Defendant Board of Trustees and Defendant Administrative Committee, and Defendant Appeals Committee were at all times fiduciaries with respect to the AEPF within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10. By virtue of the fact that Defendant Gregory Stokes as the Administrator of the AEPF: (1) administered the AEPF, (2) exercised or attempted to exercise discretionary authority and/or discretionary control respecting management of the AEPF; and (3) exercised or attempted to exercise authority and/or control respecting management and disposition of the assets of the AEPF, Defendant Stokes was at all times a fiduciary with respect to the AEPF within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-4-

11.     By virtue of the fact that Defendant Theresa MacCleod as Pension Supervisor of the AEPF: (1) administered the AEPF, (2) exercised or attempted to exercise discretionary authority and/or discretionary control respecting management of the AEPF; and (3) exercised or attempted to exercise authority and/or control respecting management and disposition of the assets of the AEPF, Defendant MacCleod was at all times a fiduciary with respect to the AEPF within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

12.     By virtue of the fact that Defendants Steve Boyd, Scott Bringmann, David Carle, Jim Fullford, Mary Tesch, Knute Anderson, Mike Bavard, Larry Bell, Vince Beltrami, John Giuchici, Greg Stokes, and Gary Brooks as Trustees of the AEPF: (1) administered the AEPF, (2) exercised or attempted to exercise discretionary authority and/or discretionary control respecting management of the AEPF; and (3) exercised or attempted to exercise authority and/or control respecting management and disposition of the assets of the AEPF, Defendants Steve Boyd, Scott Bringmann, David Carle, Jim Fullford, Mary Tesch, Knute Anderson, Mike Bavard, Larry Bell, Vince Beltrami, John Giuchici, Greg Stokes, and Gary Brooks were at all times fiduciaries with respect to the AEPF within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

13.     By virtue of the fact that Defendants Gary Brooks, Greg Stokes, and Steve Boyd as members of the Pension Administrative Committee of the AEPF: (1) administered the AEPF, (2) exercised or attempted to exercise discretionary authority and/or

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

discretionary control respecting management of the AEPF; and (3) exercised or attempted to exercise authority and/or control respecting management and disposition of the assets of the AEPF, Defendants Gary Brooks, Greg Stokes, and Steve Boyd were at all times fiduciaries with respect to the AEPF within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

14. By virtue of the fact that Defendants Steve Boyd, Greg Stokes, Gary Brooks and John Giuchici as members of the Appeals Committee of the AEPF: (1) administered the AEPF, (2) exercised or attempted to exercise discretionary authority and/or discretionary control respecting management of the AEPF; and (3) exercised or attempted to exercise authority and/or control respecting management and disposition of the assets of the AEPF, Defendants Steve Boyd, Greg Stokes, Gary Brooks and John Giuchici were at all times fiduciaries with respect to the AEPF within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

### FACTS

15. Between August of 1968 and April of 1975, Plaintiff was an employee of the following: Kenai Electrical & Mechanical, Ceme Electric, City Electric, English electric, Snelson Electric, Northern Electric Co, Rogers Electric Corp, Alaska Aurora Electric, Gustov Hirsch Org, Inc., Modern Electric, and Ramco Electric, all of which participated in the AEPF. By virtue of his employment with all of these employers, Plaintiff was eligible to participate in, and did participate in, the AEPF.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-6-

16. Between September of 1975 and through November of 1978, Plaintiff was employed by and member of Twin Cities Electric. At that time, Plaintiff participated in the AEPF.

17. On or about January 6, 1997, upon inquiry from Plaintiff, Defendant AEPF notified Plaintiff via letter from Lorena Newsome, Pension Representative, that he was entitled to a pension benefit of $1,236.08 per month.

18. On or about March of 1997, Plaintiff began receiving from Defendant AEPF, retirement benefits of approximately $1,093.93 per month.

19. On or about May 11, 2000, Plaintiff began working for BP Exploration, Inc. ("BP") through Udelhoven Oilfield Services, Inc ("Udelhoven"). Plaintiff worked as an OSHA Safety Inspector on the North Slope, working the first two weeks of each month and returning to South Central Alaska for the last two weeks of each month. Neither BP or Udelhoven were employers contributing to the AEPF. Neither BP or Udelhoven are signatories to or any way bound by conditions of any in Collective Bargaining Agreements with the International Brotherhood of Electrical Workers Local 1547.

20. On or about May of 2001, Plaintiff's son made an inquiry to as to possible Health and Welfare benefits available to Plaintiff as a working retiree.

21. On or about June 12, 2001, Theresa MacLeod, Pension Fund Supervisor for AEPF, notified Plaintiff via letter that "a retired participant of the Plan who returns to work in Alaska, and works more than 40 hours per month may not be entitled to retirement

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-7-

benefit for that month." The letter set forth that Post Retirement Service shall mean all employment within Alaska, in a job specification similar to those set forth in a Collective Bargaining Agreement or Special Agreement, or in a supervisory position over such job classifications; and in an industry in which the Employers participate (any business activity of the type engaged in by the Employers maintaining the Plan). The letter informed Plaintiff that failure to notify the Plan prior to returning to such work that the Plan allowed for the Administrator to presume that Plaintiff was working more than 40 hours a month and suspend his benefits. That letter required a response no later than July 23, 2001, or Plaintiff's benefits would be suspended August 1, 2001.

22. On or about June 18, 2001, Plaintiff spoke with Theresa MacLeod and explained the circumstances of his employment. Plaintiff explained that he did not consider his duties to be "in the industry." Theresa Macleod informed Plaintiff that she would research the circumstances and "get back" to him.

23. On or about September 10, 2001, Udelhoven, via letter from James Gilbert, informed the AEPF that Plaintiff was employed by Udelhoven Oilfield Services as an OSHA Safety Inspector as set forth in the OSHA Safety Manual. The letter further stated that Plaintiff's duties included general maintenance inspection of equipment, ingress and egress inspection of process areas, checking equipment for missing nuts and bolts etc. Udelhoven in the letter also stated Plaintiff's job duties required him to report his finding to leaseholders.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-8-

24.     According to an internal memorandum of the AEPF, on or about November 1, 2001, the AEPF suspended Plaintiff's monthly pension benefits.

25.     According to internal memorandum of the AEPF, on or about November 1, 2001, a discussion took place between Fund employees, Theresa MacLeod, Linda Josephson and Mercer.   Linda Josephson wanted information about the following: 1) what type of company Udelhoven was, 2) whether or not the Plan had signatory employees in the same industry, 3) whether or not Udelhoven was "in the industry" and 4) what an I.E.I.A. certification was.   AEPF had suspended Plaintiff's benefits prior to any substantive investigation, in violation of the requirements of the plan document.

26.     On or about March 5, 2002, Lorena Newsome, Pension Representative for the AEPF, wrote to Plaintiff informing him that Defendant Board of Trustees determined that his employment with Udelhoven constituted working "in the industry."  Ms. Newsome went on to inform Plaintiff that his benefit would remain suspended while he continued his employment with Udelhoven.  The letter further stated that should Plaintiff wish to appeal the Defendant Board of Trustees Decision that he could so according to "appeal procedures on page 39 of the enclosed Summary Plan Description."

27.     An internal memorandum dated August 6, 2002 indicated the AEPF was engaged in an investigation concerning whether Plaintiff's safety position at Udelhoven constituted "similar" work "in the industry."  Notably, this memorandum was created months after the suspension of Plaintiff's benefit, and after the Board of Trustee's

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

announced its determination on March 5, 2002.

28.     The AEPF through its Defendant Board of Trustees did not provide Plaintiff any documentation regarding any investigation of whether Plaintiff's position at Udelhoven constituted "similar" work "in the industry" prior to the suspension of his benefit.

29.     On or about July 24, 2002, Plaintiff notified the AEPF that he believed the determination of the Defendant Board of Trustees was arbitrary and that he sought an appeal of that decision.

30.     On or about August 15, 2002, Plaintiff's son, Joseph Gabriel, requested reinstatement of Plaintiff's benefits.  Joseph Gabriel's letter included as an attachment a letter from Roger Murray, Quality Assurance Supervisor for BP Exploration (Alaska), Inc. supporting Plaintiff's appeal.  Both Joseph Gregory and Roger Murray state unequivocally that the Safety Inspector position filled by Plaintiff neither constituted "in the industry" employment, nor did it fall under any Collective Bargaining or Special Agreement.

31.     On or about August 15, 2002, Gregory R Stokes, Administrator for the AEPF, summarized in a memorandum to Defendant Appeals Committee that plaintiff had appealed Defendant Board of Trustees' determination.  The entirety of discussion is as follows: "The Pension Department learned of his employment in an uncovered position in May 2001.  His benefits were suspended November 1, 2001, following the completion of our research.  Mr. Gabriel does not agree with our determination that his position is considered 'in the industry' and is requesting we rescind our decision regarding Post-Retirement

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-10-

Service and reinstate his retirement benefits."

32. On or about August 15, 2002, a hearing was held regarding Plaintiff's appeal. Testimony at time of Hearing consisted of Joseph Gabriel reading both the August 15, 2002 Murray letter and his August 15, 2002 letter. Further testimony stated that the Safety Inspector job filled by Plaintiff involved inspection of petrochemical facilities, not electrical facilities. Greg Brooks of Defendant Administrative Committee, disagreed with Joseph Gabriel, stating "that's what's got ya, the ruling that's got ya," referring to earlier determination that Udelhoven employment was "in the industry." Committee member Greg Brooks went on to state that Defendant Administrative Committee had no further evidence nor had any further questions and would render a decision the following day.

33. On or about October 2, 2002, Gregory Stokes, Administrator for the AEPF, informed Plaintiff that Defendant Pension Administrative Committee met on August 15, 2002 to consider his appeal. Three weeks after Plaintiff requested an appeal, with no demonstrated further investigation, defendant Appeals Committee determined that Plaintiff's job was "in industry" and thus violative of the Plan. Though Defendant Pension Administrative Committee made the determination in a mere three weeks from Plaintiff's request, it took nearly two months to inform Plaintiff of its determination.

34. On or about October 24, 2002, Plaintiff informed Defendant AEPF that he believed the ruling as communicated by the Stokes letter of October 2, 2002, to be arbitrary and capricious. Plaintiff exercised his rights under the Plan and requested that the matter of

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-11-

the suspension of his benefits be arbitrated. Further, Plaintiff requested that Defendants provide him specific information relating to their decision to deny his benefits, including: 1) definition of the term "Industry" as it relates to post retirement service, 2) identification of the specific industry that Defendant Board of Trustees is applying to arrive at its conclusion, 3) provision of specific collective bargaining agreements and job positions that Defendant Board of Trustees relies upon in its determination that Plaintiff's position is similar to one under such collective bargaining agreement, and 4) a transcript of the August 15, 2002 hearing.

35. On or about April 17, 2003, the parties filed a submission for Arbitration. The Parties requested determination of the following issues: 1) Whether the Trustees were in error on an issue of law, 2) Whether the Trustees acted arbitrarily or capriciously in exercise of their discretion, and 3) Whether the Trustee's findings of fact were supported by any substantial evidence.

36. On or about April 30, 2003, Plaintiff again requested information regarding the denial of his claims for benefits.

37. On or about May 15, 2003, Greg Stokes, Administrator for Defendant Fund, responded to Plaintiff's October 24, 2002 request for information relating to Defendant Appeals Committee denial of his appeal. Nearly seven months after Plaintiff's request for documentation relied upon by the Defendant Appeal Committee, Mr. Stokes informed Plaintiff that all such requests must be made to Bruce McKenzie of Smith, McKenzie et al,

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

attorneys for Defendants.

38.     The parties agreed to arbitrate based on a certified record and prehearing submissions.  Despite the agreement to base the arbitration on a certified record, Defendants transmitted a Pre-Hearing memorandum, including substantial documentation which had never been referenced, made available to Plaintiff or made part of the AEPF's previous proceedings.

39.     On or about June 24, 2003 Parties arbitrated the matter in front of Richard Humphreys, in Anchorage, Alaska.

40.     On or about August 21, 2003, arbitrator Richard Humphreys set forth his decision and transmitted it to the Parties on or about August 27, 2003.  The arbitrator found that Defendant Trustees had acted in an arbitrary and capricious manner, had committed an "abuse[] of discretion."  He further held that the decisions of Defendants were "unsupported by substantial evidence in the record.  Indeed the record offers no insight into the deliberative process undertaken by the Trustees."

41.     Arbitrator Humphreys remanded the matter back to Defendant Trustees for additional findings "consistent with the language of this award."  Per Arbitrator Humphreys, the Trustees were required to:  (1) Examine the post retirement provisions of the Summary Plan, and (2) Undertake a factual comparison of the duties performed by Mr. Gabriel and the status of Udelhoven and BP with the requirement set forth in Section 7.6 of the Summary Plan governing "similar" jobs and "similar" employers.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

42.     On or about September 24, 2003, Plaintiff requested reconsideration of the arbitrator's award on the grounds that the arbitrator did not have the authority to remand the proceeding back to Defendant Trustees, that the arbitrator was permitted to render a decision on the merits as set forth in the record, and other reasons.

43.     On or about October 30, 2003, the arbitrator, Richard Humphreys denied Plaintiff's request for reconsideration.

44.     On or about April 6, 2004, Plaintiff, after hearing nothing from Defendants, demanded that Defendants consider his reinstatement claim, as remanded.

45.     On or about April 20, 2004, over six months after the arbitrator refused reconsideration of his remand decision, Defendants' attorney, Bruce McKenzie, communicated via letter that Defendants were ready to proceed with the remand hearing.

46.     On or about April 20, 2004, via a letter from Bruce McKenzie, Defendants stated their readiness to proceed with the remand hearing, and proposed a hearing date of May 18, 2004.

47.     On or about April 30, 2004, Doug Parker proposed remand hearing dates of May 30, June 1 or June 2, 2004.

48.     On or about May 4, 2004, Defendants informed Plaintiff that they would submit a witness list no later than the end of the week.  Defendants proposed considering new evidence and facts, in clear deviation from the limits of the AEPF and Arbitrator's award which limited review and remand to facts presented in claims proceedings decided

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

by Defendants in 2001 and 2002.

49.     On or about May 10, 2004, Plaintiff requested from Defendants, a written statement regarding Plaintiff's status including a 'description of the information used by the Trustees to deny [his] claim.'  Plaintiff objected to Defendants' expansion of the evidence to be considered post-remand and asked to examine all documents related to denial.

50.     On or about May 14, 2004, Defendants restated their view that they were entitled to expand the scope of the evidence before them on remand, and could present new evidence at the Remand Hearing.

51.     On or about May 17, 2004, Plaintiff restated his objection to Defendants presentation of new evidence and witnesses but agreed to go forward with the remand hearing as scheduled.

52.     On or about June 1, 2004, a Remand Hearing was held before the Appeals Committee, including AEPF administrator Gregory Stokes, and Trustees Gary Brooks, John Giuchici and Steve Boyd.  Testimony was given regarding job descriptions set forth under numerous collective bargaining agreements, none of which related to Plaintiff's job description as an OSHA safety inspector or included BP or Udelhoven as parties governed by a collective bargaining agreement.  Defendants did not provide Plaintiff a written record outlining the bases of their earlier decisions.  Testimony at the hearing revealed the existence of amendments to the AEPF plan, which had never been provided to Plaintiff. The hearing and record was closed without decision regarding Plaintiff's benefits or status.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

53.     After the passage of nearly three years, Defendants have yet to render a determination based upon the remand hearing.

54.     On or about June 2, 2004, Plaintiff requested copies of amendments to the AEPF plan, which allowed for pension benefits to be insulated from suspension in situations wherein a retiree accepts employment in the capacity of inspector.

55.     On or about July 26, 2004, Defendants provided Plaintiff with amendments dating back to October 19, 2000, referred to in the June 1, 2004 Remand Hearing and never before provided to Plaintiff.  Defendants concede the possible prejudice to Plaintiff, due to lack of production until this date.

56.     On or about August 16, 2004, Bruce McKenzie confirmed receipt of Plaintiff's notice to Defendant Fund that he was no longer employed by Udelhoven. Mr. McKenzie confirmed reinstatement of Plaintiff's benefits retroactive to July 1, 2004.

57.     On or about September 2, 2004, Defendants offered to reimburse Plaintiff for all attorney fees and costs to date, including Plaintiff's share of the arbitrator's costs, and to reopen the Remand Hearing of June 1, 2004 to allow Plaintiff to present evidence or argument.  Per such letter, if no additional evidence is added to the record, Defendant Appeal Committee would render a decision based upon the June 1, 2004 record.

58.     On or about September 11, 2004, Plaintiff accepted Defendants' proffer of reimbursement of attorney fees and costs to date.  Plaintiffs additionally argued that the amendments evidenced that the AEPF discriminated against him.  Plaintiff argued that he

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

had exhausted his internal remedies. Further Plaintiff communicated to Defendant that he remained open to consider settlement.

59. On or about September 15, 2004, Plaintiff requested that his reinstated benefits be recalculated to include contributions from 1979 through 1986.

60. On or about September 28, 2004, Plaintiff transmitted to Defendants his invoices for fees and costs in regard to appeal of Defendants suspension of his benefits in the amount of $28,355.45, per Defendants' offer to pay such fees and costs.

61. On or about October 19, 2004, Defendants offered a settlement of the parties' disputes. Defendants offered reinstatement of Plaintiff's benefits suspended November 2001, through June of 2004 with interest of 5% per annum. Defendant Fund offered reimbursement of Plaintiffs attorney and arbitrators fees pursuant to the parties' earlier agreement. The settlement offer was expressly predicated upon Defendants' procedural abuses. Defendants asked Plaintiff to confirm his acceptance in writing. The offer did not contain a date by which such request for confirmation was required, nor was the offer conditioned upon written acceptance.

62. On or about November 22, 2004, some three years after it suspended Plaintiff's benefits, and over two years after the arbitrator remanded Plaintiff's claim, Defendants for the first time alleged that Plaintiff never vested in his pension and was not entitled to any benefits whatsoever. Defendants demanded reimbursement for pension benefits paid to Plaintiff.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

63. On or about December 19, 2005, via a letter from Bruce McKenzie, Defendants informed Plaintiff that they would have to respond to a request for verification by a mortgage company as to Plaintiff's income by informing the company that Plaintiff's eligibility to receive said benefits was in question. Defendants state that they will look for dates for a new hearing to determine Plaintiff's eligibility to receive benefits in light of their new post-remand justification of non-vested status.

64. On or about December 23, 2004, Plaintiff through counsel responded to Defendants' November 22nd letter, insisting that Defendant abide by the terms of the parties' settlement, and objecting that Defendants had no legal entitlement to restitution.

65. In and around January and February of 2005, via letters dated January 20th and February 22nd, Defendants through counsel requested that Plaintiff provide dates upon which a hearing might be set regarding Plaintiff's status regarding vesting. Defendants effectively abandoned any resolution of Plaintiff's reinstatement based on the arbitrator's remand order, indicating that the new vesting issue effectively nullifies Plaintiff's pending claim.

66. On or about February 28, 2005, Plaintiff through counsel responded to Defendants latest letters by asking again that they fulfill their obligation under the settlement, and informing Defendants that Plaintiff was unavailable for further hearings on the new post-remand vesting issue due to Plaintiff's recent surgery.

67. On or about March 31, 2005, Defendants through counsel suspended

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

Plaintiff's benefits reinstated in July of 2004, pending a hearing on Plaintiff's vesting status.

68. On or about September 9, 2005, Defendants through counsel advised Plaintiff that they were prepared to seek restitution of benefits through litigation if the vesting issue were not resolved by November 11, 2005.

69. On or about September 22, 2005, Plaintiff through counsel again stated that in order for the parties to move on to any determination of Plaintiff's vesting status, the Parties must first resolve the settlement relating to the appeal of Defendants suspension of benefits occurring in November 2001. Plaintiff again objected that restitution was unavailable as a legal remedy to Defendants, and requested neutral mediation to assist the parties in resolving their longstanding conflicts.

70. On or about January 6, 2006, Plaintiff via counsel again reiterated his request for mediation to assist the parties in resolving their disputes.

71. On or about January 19, 2006, Defendants through counsel advised Plaintiff that unless he withdrew his claim to have his benefits reinstated, Defendants would be unwilling to consider any mediation and would consider the Remand and subsequent settlement moot. Defendants indicated the only issues they would agree to mediate would be the availability of restitution by Plaintiff, and the enforceability of Defendants' agreement to pay Plaintiff's attorneys' fees and costs from the arbitration and appeals proceedings.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

72.     On or about August 3, 2006, Plaintiff through counsel responded to Defendants' second rejection of Plaintiff's mediation proposal.  Plaintiff reminded Defendants that the issues remanded to them by Arbitrator Humphreys related to the 2001 suspension of Plaintiffs benefits.  Plaintiff demanded that the Trustees issue findings of fact related to the "in the industry" pension reinstatement issues.  Plaintiff rejected Defendants' raising the vesting issue post-remand as a blatant violation of ERISA.   Plaintiff again requested that Defendants to take up the issues remanded by the arbitrator in August of 2003, or stipulate to tolling of substantive issue of Plaintiff's benefit claim.

73.     On or about August 10, 2006, Defendants via counsel stated they would review authorities and respond within a few days.  Plaintiff has received no such response.  Based on Defendants' silence, Plaintiff filed this action.

**CAUSE OF ACTION I**
**CLAIM TO RECOVER BENEFITS AND FOR CLARIFICATION OF RIGHTS TO**
**FUTURE BENEFITS PURSUANT TO ERISA §502(a)(1)(B)**

74.     Plaintiff restates and incorporates herein the allegations in paragraphs 1 through 73 of the Complaint.

75.     The decision of the Defendant Board of Trustees of the Alaska Electrical Pension Fund ("AEPF") suspending Plaintiff's monthly pension benefit was arbitrary and capricious, based on an erroneous interpretation of an ambiguous plan provision, and not supported by substantial evidence.

76.     The decision of the Defendant Administrative and Appeals Committees of the

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

Alaska Electrical Pension Fund ("AEPF") upholding the suspension of Plaintiff's monthly pension benefit was arbitrary and capricious, based on an erroneous interpretation of an ambiguous plan provision, and not supported by substantial evidence.

77.     Plaintiff's post-retirement work was not performed in a "similar" job "in the industry."

78.     Plaintiff is entitled to have his suspended pension benefit retroactively reinstated to November 1, 2001 with earnings thereon.

79.     Plaintiff is entitled to clarification regarding his future right to monthly pension benefits based on Defendants' wrongful suspension of Plaintiff's pension benefit in violation of the terms of the AEPF.

## CAUSE OF ACTION II
## BREACH OF FIDUCIARY DUTY PURSUANT TO ERISA §§404(a)(1)(A) & (B), 409 AND 502(a)(3)

80.     Plaintiff restates and incorporates herein the allegations in paragraphs 1 through 79 of the Complaint.

81.     By virtue of their positions as fiduciaries of the AEPF, Defendants owed a fiduciary duty to Plaintiff.

82.     Defendants breached this fiduciary duty to Plaintiff and injured Plaintiff, by:

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

a. Failing to administer the AEPF solely in the interest of participants and beneficiaries for the exclusive purpose of providing benefits for the participants and their beneficiaries;

b. Failing to comply with the terms of the written plan document;

c. Failing to comply with the claims procedures set forth by ERISA, its accompanying regulations and the plan document by:

    i. failing to engage in a reasonable and good faith analysis of the facts underlying Plaintiff's claim for reinstatement of his pension benefits and failing to issue findings of fact on all contested issues during the initial and appeal proceedings;

    ii. failing to provide Plaintiff adequate and specific notice of the reasons for the denials;

    iii. failing to provide Plaintiff access to information regarding the evidence supporting Defendants' decisions despite repeated and specific requests for such information;

    iv. failing to engage in a reasonable and good faith analysis of the facts underlying Plaintiff's claim for reinstatement of his pension benefits and failing to issue findings of fact on all contested issues upon remand from the arbitrator;

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-22-

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

v.   refusing to reach a decision concerning claim for reinstatement for over three years after a remand hearing;

vi.   failing to provide Plaintiff adequate and specific reasons for the delay in reaching a post-remand decision; and

vii.   averring new reasons for the suspension Plaintiff's pension and the denial of future pension benefit payments years after Defendants' final appeal decision and the arbitrator's decision remand order were announced.

d.   Materially misrepresenting to Plaintiff his entitlement to pension benefits under the AEPF, failing to correct such misrepresentations, where Plaintiff reasonably relied upon such material misrepresentation and altered his position to his detriment;

e.   Failing to provide Plaintiff with accurate pension benefit information in response to his written requests, such that Plaintiff altered his position to his detriment;

f.   Failing to provide Plaintiff with a pension benefit equivalent to that he would have received but for Defendants' misrepresentations which caused Plaintiff to alter his position to his detriment;

g.   Operating under a conflict of interest;

h.   Failing to exercise discretion by engaging in wholesale and flagrant violations of the procedural requirements of ERISA in utter disregard of the underlying purpose of the AEPF;

i. Failing to exercise discretion by Defendants' repeated refusals to reach a determination of Plaintiff's claim for reinstatement of his pension benefit after the remand hearing as required by the arbitrator's order; and

j. Abusing its authority by expanding and alleging new grounds to be considered post-remand to justify suspension of Plaintiff's pension benefit.

**CAUSE OF ACTION III**
**BREACH OF CO-FIDUCIARY DUTY PURSUANT TO ERISA §§405(a) AND 502(a)(3)**

83.     Plaintiff restates and incorporates herein the allegations in paragraphs 1 through 82 of the Complaint.

84.     Defendants breached fiduciary duties owed to Plaintiff under ERISA by their actions as set forth in paragraphs 1 through 23 of the Complaint.

85.     Defendant Board, Committees and individual members had actual knowledge of Defendants' fiduciary breaches to Plaintiff and failed to correct those fiduciary breaches and could have prevented Plaintiff's losses resulting from such breaches of co-fiduciaries.

86.     As a result Defendant Board, Committees and their individual members are liable to Plaintiff for co-fiduciary breaches under ERISA 405(a).

87.     Defendant Board's, Committees' and individual members' own breaches of fiduciary duty also render them liable to Plaintiff for co-fiduciary breaches under ERISA 405(a).

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

## CAUSE OF ACTION IV
## MISREPRESENTATION AND ESTOPPEL BASED ON WRITTEN AND ORAL REPRESENTATIONS

88.     Plaintiff restates and incorporates herein the allegations in paragraphs 1 through 87 of the Complaint.

89.     Defendants materially misrepresented Plaintiff's vested entitlement to pension benefits under the AEPF when they orally and in writing stated that he was entitled to receive a monthly pension benefit from AEPF.

90.     Plaintiff reasonably relied to his detriment upon such representations because he would have (1) continued working in eligible employment for an additional 2-3 years, and/or (2) not entered post-retirement work that might constitute "similar" work "in the industry" under the ambiguous terms of the plan but for such material misrepresentations.

91.     Extraordinary circumstances exist because Defendants: (1) operated under a conflict of interest in making determinations about Plaintiff's entitlement to a pension benefit, (2) failed to exercise discretion by engaging in wholesale and flagrant violations of the procedural requirements of ERISA and the remand order of the arbitrator, (3) abused Defendants' authority by averring new grounds and expanding the bases to be considered after the arbitrator's remand, and (4) refused to issue findings of fact and conclusions of law on Plaintiff's claim to reinstatement of his pension since the arbitrator's remand nearly three years ago.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

92.     Defendants' misrepresentations and new post-remand justifications for the continued suspension of Plaintiff's pension benefit have resulted in financial hardship and extreme prejudice to Plaintiff.

93.     The terms of the Plan regarding what constitutes "similar" work "in the industry," and vesting service are ambiguous.

94.     Defendants' oral and written misrepresentations concerned an interpretation of the AEPF's terms regarding what constitutes "similar" work "in the industry" and vesting service.

95.     Defendants should be estopped from denying reinstatement of Plaintiff's pension benefits based on both his alleged post-retirement service performing "similar" work "in the industry," and the post-remand allegation that Plaintiff's pension was not vested.

## CAUSE OF ACTION V
## BREACH OF CONTRACT

96.     Plaintiff restates and incorporates herein the allegations in paragraphs 1 through 95 of the Complaint.

97.     On or about September 2, 2004, Defendants agreed to pay Plaintiff for fees and costs incurred by him in the course of his appeal of the AEPF suspension of his pension

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

-26-

benefit and in response to the Committee's decision to reimburse him for this expense.

98.     Plaintiff by and through counsel accepted such proffer by letter dated September 11, 2004.  On or about September 28, 2004, Plaintiff transmitted relevant invoices to Defendants and asked that Defendants remit the amount of $28,355.45 to Preston Gates & Ellis LLP in trust for Gregory R. Gabriel Sr.

99.     Defendants' offer to pay such fees and costs and Plaintiff's acceptance created an enforceable contract.

100.    Defendants have refused Plaintiff's repeated demands for payment in accordance with such contract.

101.    Plaintiff is entitled to enforcement of the contract to pay fees and costs, and remittance of such payment as was agreed to by Defendants.

**CAUSE OF ACTION VI**
**BREACH OF SETTLEMENT AGREEMENT**

102.    Plaintiff restates and incorporates herein the allegations in paragraphs 1 through 101 of the Complaint.

103.    By letter dated October 19, 2004, Defendants offered to settle the parties' disputes by agreeing to reinstatement of Mr. Gabriel's pension from November 1, 2001 and to reimbursement of Plaintiff for fees and costs incurred by him in the course of his appeal

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

of the AEPF suspension of his pension benefit and in response to the Committee's decision to reimburse him for this expense. Defendants offer contained no date by which such offer was required to be accepted.

104. Plaintiff's oral and written communications from July 26, 2004 through the present date constitute an acceptance of Defendants' offer, and created an enforceable contract.

105. To date, Defendants have not performed pursuant to the requirements of such settlement agreement and have ignored and refused Plaintiff's repeated demands for payment and performance in accordance with such settlement agreement.

106. Plaintiff is entitled to enforcement of the settlement agreement.

## PRAYERS FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court provide relief as follows:

1. Apply a *de novo* or heightened arbitrary and capricious standard of review to Defendants' decision to suspend and not reinstate Plaintiff's pension benefit because of Defendant flagrant procedural defalcations and because Defendants operated under a conflict of interest.

2. For an order requiring Defendants to pay Plaintiff the pension benefits he would have received but for Defendants improper cessation of Plaintiff's pension, misrepresentations, and violations of the procedural protections of

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

ERISA, and disregard of the arbitrator's remand order;

3. For an order clarifying Plaintiff's right to future pension benefits;

4. For an order for the AEPF to take all steps within its authority to modify the AEPF records to show that Plaintiff was employed in eligible employment retroactive to November 1, 2001;

5. For disgorgement of profits and equitable restitution and the imposition of a constructive trust over funds Defendants wrongfully holds in their possession that rightfully belong to Plaintiff;

6. For an order requiring Defendants to pay Plaintiff for fees and costs incurred by him in the course of his appeal of the AEPF suspension of his pension benefit and in response to the Committee's decision to reimburse him for this expense, to be remitted in the amount of $28,355.45 to Preston Gates & Ellis LLP in trust for Gregory R. Gabriel Sr.;

7. For an order enforcing the parties' settlement agreement, requiring Defendants to: (1) reinstate Mr. Gabriel's pension retroactively to July 1, 2004, and (2) pay Plaintiff for fees and costs incurred by him in the course of his appeal of the AEPF suspension of his pension benefit and in response to the Committee's decision to reimburse him for this expense, to be remitted in the amount of $28,355.45 to Preston Gates & Ellis LLP in trust for Gregory R. Gabriel Sr.;

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

8. For an equitable award of pre-judgment interest;

9. For an award of reasonable attorneys' fees pursuant to 29 U.S.C.
   §§1132(g)(2)

10. For costs;

11. For the grant of such further and additional relief as this Court deems just and proper.

Dated at Anchorage, Alaska, this 21st day of August, 2006.

PRESTON GATES & ELLIS LLP

By:   /s/ Douglas S. Parker
      Douglas S. Parker, Alaska Bar No. 8311168
      Amy W. Limeres, Alaska Bar No. 9706031
      Attorneys for Plaintiff
      420 L Street, Suite 400
      Anchorage, AK 99501-1937
      Telephone: (907) 276-1969
      Facsimile:  (907) 276-1365
      parkerd@prestongates.com
      limeresa@prestongates.com

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969